UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GARY LONNQUIST,** *et al.,*

    **Plaintiffs,**

    v.                                                                                          Civil No. 17-1630 (JDB)

**THE ISLAMIC REPUBLIC OF IRAN,** *et al.,*

    **Defendants.**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT ON LIABILITY**

This case arises from the August 7, 1998 terrorist attack on the U.S. Embassy in Nairobi, Kenya, and is brought against Defendants Islamic Republic of Iran and the Iranian Ministry of Information and Security (MOIS) (collectively "Defendants") pursuant to the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act, (28 U.S.C. § 1602 et seq.), as amended by § 1083 of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181.

Plaintiffs in this case are victims of the August 7, 1998 bombing of the U.S. Embassy in Nairobi, Kenya, and their family members. Plaintiffs filed a Complaint against Defendants on August 15, 2017, alleging their role in carrying out the attacks and seeking compensation for assault, battery, loss of consortium, and intentional infliction of emotional distress. (Dkt. No. 3). Defendants were served through Diplomatic Channels via the U.S. Department of State on February 7, 2018 (Dkt. No. 16). The Defendants have not filed an appearance in this case. Defendants' default has been duly noted by the Clerk of this Court, by entry dated April 16, 2018 (Dkt. No. 18).

Plaintiffs now provide this memorandum in support of their request for an entry of default judgment against Defendants.

**Iran's Liability for the Attack Has Already Been Determined
By This Court and Judicial Notice Of Those Prior Determinations Is Appropriate**

It is undisputed that the August 7, 1998 attacks on the U.S. Embassy in Nairobi, Kenya, and the U.S. Embassy in Dar es Salaam, Tanzania, were carried out by the terrorist group Hezbollah, and that the financing, training, and preparation for the attacks were conducted by Defendants. This Court has held in multiple previous cases that Defendants directed and facilitated the attack and therefore proximately caused the injuries sustained by the victims of those attacks. In each case, Defendants were held liable to the victims of these attacks and their immediate family members. *Owens et al., v. Republic of Sudan, et al.,* Civ. No. 01-2244 (JDB); *Amduso et al., v. Republic of Sudan, et al.*, Civ. No. 08-1361 (JDB); *Onsongo et al., v. Republic of Sudan, et al.,* Civ. No. 08-1380 (JDB); *Khaliq et al., v. Republic of Sudan, et al.,* Civ. No. 10-356 (JDB); *Wamai et al., v. Republic of Sudan, et al.,* Civ. No. 08-1349; and *Mwila v. Islamic Republic of Iran, et al.,* collectively referred to as "the *Owens* cases" and reported as *Owens et al., v. Republic of Sudan, et al*., 826 F.Supp.2d 128 (D.D.C. 2011). It should be noted that the Republic of Sudan was a Defendant in the *Owens* cases but is not a Defendant in this case. Defendant Iran defaulted in these lawsuits, and after a three-day hearing, this Court entered a liability judgment against them. *Id*.

Here, because Plaintiffs' claims arise from the same events, facts, and circumstances that were presented and adjudicated in prior cases in this district – i.e., the *Owens* cases-– judicial notice of these proceedings is appropriate.  The Court permits the use of judicial notice because "the validity of judicial records is generally 'not subject to reasonable dispute' and such records are perfectly capable of establishing the type and substance of evidence that was presented to

earlier courts. The objective issue of what the evidence was – rather than the subjective determination of what that evidence means – is thus a proper exercise of judicial notice." *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 172 (D.D.C. 2010).

In support of their Motion for Entry of Default Judgment, Plaintiffs ask the Court to take judicial notice of the facts found in the *Owens* cases. *See Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d. 51, 58-59 ("[T]he Court may review evidence considered in an opinion that is judicially noticed, without necessitating the formality of having the evidence reproduced – to reach their own, independent findings of fact in the cases before them."). To aid in the Court's review, Plaintiffs include the Memorandum Opinion determining Iran's liability for the attack in the *Owens* cases. Exhibit # 3.

### Plaintiffs Satisfy the Requirements for a Default Judgment Under the Foreign Sovereign Immunities Act 28 U.S.C. § 1608(e)

Default judgments under FSIA are governed by 28 U.S.C. § 1608(e), which states in relevant part, "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state…unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Thus, plaintiffs may prevail on a motion for default where plaintiffs present a "legally sufficient prima facie case, i.e., a 'legally sufficient evidentiary basis for a reasonable jury to find for plaintiff.'" *Gates v. Syrian Arab Republic*, 580 F. Supp. 23 53, 63 (D.D.C. 2008).

In establishing their right to relief, Plaintiffs assert that this Court has personal jurisdiction over Defendants because Iran and MOIS were properly served through Diplomatic Channels via the U.S. Department of State in accordance with 28 U.S.C. § 1608(a)(4) on February 7, 2018. The Defendants have not filed an appearance in this case. Defendants' default was entered by the Clerk of this Court on April 16, 2018.

The Court has subject matter jurisdiction because the Defendants' conduct falls within the "state sponsor of terrorism" exception to sovereign immunity set forth in 28 U.S.C. § 1605A and their liability for the attacks on the U.S. Embassies in Kenya and Tanzania on August 7, 1998, has already been conclusively established, *see* the *Owens* cases. As mentioned above, the subject matter of this case is the same as in the *Owens* cases. Furthermore, Defendants have never filed an appearance to contest the factual findings of those cases.

In evaluating the evidence, a court may "accept as true the plaintiffs' uncontroverted evidence," *Estate of Botvin v. Islamic Republic of Iran*, 510 F. Supp. 2d 101, 103 (D.D.C. 2007), and a plaintiff may establish proof by affidavit, deposition, or trial testimony. *See Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 100 (D.D.C. 2009). Plaintiffs attach hereto signed affidavits establishing their own right to relief. *See* Affidavits of Plaintiffs Gary Lonnquist, Joan Lonnquist, Naomi Kerongo, Timothy Teske, Sharon Teske, Estate of Ruth Midden, Taylor Teske, and John Doe, Exhibit # 4.

## Conclusion

This Court has regularly issued default judgments against Iran in such circumstances as the ones presented here. *See*, for example, the *Owens* cases. For this reason, and the reasons set forth above, this Court should enter judgment on liability against Defendants Iran and MOIS in favor of Plaintiffs and find Defendants liable for the wrongful death of Cesar Bathiard and the emotional pain and suffering of his widow and two daughters. As this Court has observed in past cases arising from the same incident, no amount of monetary compensation can ever bring back those who were killed or relieve the emotional distress of the surviving victims. However, Iran and MOIS must be held accountable for their horrific acts, and thus, this litigation is necessary to provide Plaintiffs justice.

**WHEREFORE,** the Plaintiffs pray that the Motion be granted and that the Court enter an Order entering Default Judgment on Liability.

May 24, 2018                                        Respectfully Submitted,

**FAY LAW GROUP, P.A.**

_____/s/ Caragh Glenn Fay_____
Caragh Glenn Fay
U.S.D.C.D.C. Bar No. 16955
777 6th Street NW, Suite 410
Washington, DC 20001
(202) 589-1300
CaraghFay@gmail.com

_____/s/ Amanda Fox Perry_____
Amanda Fox Perry
Admitted *Pro Hac Vice*
U.S.D.C.D.C. Bar No. 230024
777 6th Street NW, Suite 410
Washington, DC 20001
(202) 589-1300
Amanda.perry@faylawgroup.com

*Attorneys for Plaintiffs*