UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY LONNQUIST, et al.,<br><br>  Plaintiff,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>  Defendants. | Civil Action No. 17-1630 (JDB) |

## ORDER

Plaintiffs now move for an order permitting them to proceed with service of their default judgment against the Islamic Republic of Iran and the Iranian Ministry of Information and Security through diplomatic channels.  See Pls.' Mot. for Order Permitting Pls.' to Proceed With Service Through Diplomatic Channels ("Pls.' Mot.") [ECF No. 47].  Section 1608(e) of the Foreign Sovereign Immunities Act requires that a copy of any default judgment be sent to the foreign state through an approved form of service.  28 U.S.C. § 1608(e).  Section 1608(a) sets forth four methods of service "in descending order of preference" and "plaintiffs must attempt service by each more preferred method, or conclude that such a method is impracticable, before proceeding to the next method." Sheikh v. Republic of Sudan, Civil Action No. 14-2090 (JDB), 2020 WL 5203496, at *4 (D.D.C. Aug. 31, 2020); see also 28 U.S.C. § 1608(a).  The "first two methods are inapplicable in lawsuits against Iran," Sheikh, 2020 WL 5203496, at *4 (quoting 28 U.S.C. §§ 1608(a)(1) & (2)), and the third method—service through "any form of mail requiring a signed receipt," see 28 U.S.C. § 1608(a)(3)— is impracticable given that the international courier service, DHL, has recently suspended service in and out of Iran, see Pls.' Mot. at 2.  Thus, plaintiffs may proceed directly to attempt service through diplomatic channels under section 1608(a)(4).  See Sheikh, 2020 WL 5203496, at *4 (allowing

1

plaintiffs to proceed directly to serve Iran under § 1608(a)(4) because "many attempts at service [on Iran] by mail . . . are unsuccessful").

Hence, it is hereby **ORDERED** that [47] plaintiffs' motion for order permitting plaintiffs to proceed with service through diplomatic channels is **GRANTED**; it is further

**ORDERED** that plaintiffs be and hereby are permitted to proceed with service of their default judgment upon defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, through diplomatic channels in accordance with the requirements of 28 U.S.C. § 1608(a)(4); it is further

**ORDERED** that the Clerk of this Court shall transmit two copies of the [44] Order entering Judgment and [45] Memorandum Opinion, with translations into Farsi, at the expense of plaintiffs, to the U.S. Department of State, CA/OCS/L, SA-17, 10th Floor, Washington, D.C. 20522-1710, to be transmitted to the Islamic Republic of Iran and the Iranian Ministry of Information and Security; and it is further

**ORDERED** that the Secretary of State shall return to this Court certified copies of the diplomatic notes indicating when the papers were transmitted to the Islamic Republic of Iran and the Iranian Ministry of Information and Security in accordance with the provisions of 28 U.S.C. § 1608(a)(4).

**SO ORDERED.**

                                                                      /s/
                                                       JOHN D. BATES
                                  United States District Judge

Dated:  December 4, 2020